Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
    A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501        Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Defendant Guy Griffithe*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:19-bk-12480-TA |
| GUY GRIFFITHE, | Adv. 8:19-ap-01201-TA |
| Debtor | Before the Honorable Theodore Albert |
| | Chapter 7 |
| STEVEN BAGOT, | |
| Plaintiff | **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT OF NONDISCHARGEABILITY AND EXCEPTION FROM DISCHARGE OF DEBTS (1) 11 U.S.C. § 523(a)(2)(A); (2) 11 U.S.C. § 523(a)(2)(B); (3) 11 U.S.C. § 523(a)(4); (4) 11 U.S.C. § 523(a)(6); (5) 11 U.S.C. § 727(a)(2); (6) 11 U.S.C. § 727(a)(3); (7) 11 U.S.C. § 727(a)(4); (8) 11 U.S.C. § 727(a)(5); (9) 11 U.S.C. § 727(a)(6);  (10) 11 U.S.C. § 727(a)(7); & (11) 11 U.S.C. § 727(a)(12)** |
| vs. | |
| GUY GRIFFITHE | |
| Defendant | |
| | [F.R.C.P. 9(b), 12(b)(6); F.R.B.P. 7009, 7012] |
| | Date: 1-16-2020<br>Time: 10:00 AM<br>Place: 411 West Fourth Street, Santa Ana, CA<br>Courtroom: 5B |

Defendant *Guy Griffithe* ("Defendant") hereby replies to the opposition filed by Plaintiff

Steven Bagot ("Plaintiff") to the Motion to Dismiss Complaint of Nondischargeability and Exception

from Discharge of Debts (1) 11 U.S.C. § 523(a)(2)(A); (2) 11 U.S.C. § 523(a)(2)(B); (3) 11 U.S.C.

§ 523(a)(4); (4) 11 U.S.C. § 523(a)(6); (5) 11 U.S.C. § 727(a)(2); (6) 11 U.S.C. § 727(a)(3); (7) 11

1  U.S.C. § 727(a)(4); (8) 11 U.S.C. § 727(a)(5); (9) 11 U.S.C. § 727(a)(6); (10) 11 U.S.C. § 727(a)(7);

2  & (11) 11 U.S.C. § 727(a)(12) ("Complaint").

3       First, Plaintiff's Opposition violates Local Bankruptcy Rule 9013-1(F) that clearly provides

4  that any opposition must advise the adverse party that any reply must be filed with the court and

5  served on the responding party not later than 7 days prior to the hearing on the motion; Local

6  Bankruptcy Rule 9013-1(f). Plaintiff's opposition makes no such advisement and is therefore properly

7  not considered.

8       Second, Plaintiff's Opposition does nothing to salvage the deficient Complaint. It merely

9  reiterates and underscores the fatal weakness of this Adversary Proceeding: that the Complaint failed

10 to state a claim upon which relief may be granted. Plaintiff's Complaint continues to fail to meet even

11 the minimal elements of (1) 11 U.S.C. § 523(a)(2)(A); (2) 11 U.S.C. § 523(a)(2)(B); (3) 11 U.S.C.

12 § 523(a)(4); (4) 11 U.S.C. § 523(a)(6); (5) 11 U.S.C. § 727(a)(2); (6) 11 U.S.C. § 727(a)(3); (7) 11

13 U.S.C. § 727(a)(4); (8) 11 U.S.C. § 727(a)(5); (9) 11 U.S.C. § 727(a)(6); (10) 11 U.S.C. § 727(a)(7);

14 & (11) 11 U.S.C. § 727(a)(12). Plaintiff's tortured attempt to salvage the deficient Complaint cannot

15 withstand judicial scrutiny, and request for leave to amend is properly denied.

16

17 DATED:     January 6, 2020     LAW OFFICE OF BARUCH C. COHEN
     A Professional Law Corporation

18

19      By    /S/ Baruch C. Cohen   
     Baruch C. Cohen, Esq.

20      *Attorney For Defendant Guy Griffithe*

21

22

23

24

25

26

27

28

1

# <u>TABLE OF CONTENTS</u>

2

3    MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4        PLAINTIFF RAISES NEW ISSUES IN THE OPPOSITION THAT WERE NOT RAISED

5            IN THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

6        PLAINTIFF REPEATEDLY MISSTATES THE OPERATIVE STANDARDS . . . . . . -1-

7        THIS COURT HAS NO JURISDICTION TO ADJUDICATE A MARIJUANA-RELATED

8            DEBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

9        PLAINTIFF'S 1st CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION

10            UNDER 11 U.S.C. § 727(a)(2) AND IS PROPERLY DISMISSED . . . . . . . . . -5-

11        PLAINTIFF'S 2nd CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

12            UNDER 11 U.S.C. § 727(a)(3) AND IS PROPERLY DISMISSED . . . . . . . . . -6-

13        PLAINTIFF'S 3rd CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION

14            UNDER 11 U.S.C. § 727(a)(4) AND IS PROPERLY DISMISSED . . . . . . . . . -7-

15        PLAINTIFF'S 4TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

16            UNDER 11 U.S.C. § 727(a)(5) AND IS PROPERLY DISMISSED . . . . . . . . . -8-

17        PLAINTIFF'S 5TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

18            UNDER 11 U.S.C. § 727(a)(6) AND IS PROPERLY DISMISSED . . . . . . . . . -9-

19        PLAINTIFF'S 6TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

20            UNDER 11 U.S.C. § 727(a)(7) AND IS PROPERLY DISMISSED . . . . . . . . . -9-

21        PLAINTIFF'S 7TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

22            UNDER 11 U.S.C. § 727(a)(12) AND IS PROPERLY DISMISSED . . . . . . . -10-

23        PLAINTIFF'S 8th CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

24            UNDER 11 U.S.C. § 523(a)(2)(A) AND IS PROPERLY DISMISSED . . . . . -10-

25        PLAINTIFF'S 9TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

26            UNDER 11 U.S.C. § 523(A)(4) FOR  FRAUD OR DEFALCATION WHILE

27            ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY AND

28

1             IS PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

2     PLAINTIFF'S 10TH CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION

3             UNDER 11 U.S.C. § 523(A)(6) FOR WILFUL & MALICIOUS INJURY AND IS

4             PROPERLY DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

5     PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND . . . . . . . . . . . . . . -13-

6     CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

## CASES

3   *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000) . . . . . . . . . . . . . . -13-

4   *Ashcroft v. Iqbal*, 556 U.S., 129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5   *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

6   *Chambliss v. Coca-Cola Bottling Corp*., 274 F. Supp. 401, 409 (E.D. Tenn. 1967), aff'd on other grounds, 414 F.2d 256 (6th Cir. 1969), cert. denied, 397 U.S. 916, 25 L. Ed. 2d 97, 90 S. Ct. 921
7   (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

8   *Chase Manhattan Bank v. Carpenter (In re Carpenter)*, 53 B.R. 724 (N.D. Ga. 1985) . . . . . . -11-

9   *Hill v. Trustees of Ind. Univ*., 537 F.2d 248, 251 (7th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . -1-

10   *In re Arenas*, 514 B.R. 887 (Bankr. D. Colo. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

11   *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

12   *In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

13   *In re Spar*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

14   *In re Zimmerman*, 320 B.R. at 806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

15   *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) . . . . . . . . -1-

16   *Lansdowne v. Cox (In re Cox*), 41 F.3d 1294, 1296 (9 Cir. 1994) . . . . . . . . . . . . . . . . . . . . -6-

17   *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) . . . . . . . . . . . -1-

18   *Martin v. Morgan Drive Away, Inc*., 665 F.2d 598, 602 n.1 (5th Cir.), cert. dismissed, 458 U.S. 1122,
19   73 L. Ed. 2d 1394, 103 S. Ct. 5 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

   *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312
20   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

21   *Matter of Scarlata*, 979 F.2d 1521 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

22   *Montgomery Ward and Co., Inc. v. Blackburn (In re Blackburn)*, 68 B.R. 870 (Bankr. N.D. Ind. 1987)
23   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-, -12-

   *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006) . . . . . . . . . . -8-
24
   *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . -1-
25
   *Northbay Wellness Group v. Beyries (In re Beyries)*, No. 10-1181, 2011 WL 5975445 (Bankr. N.D.
26   Cal. Nov. 29, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

27   *Peoples Security Finance Co. v. Todd (In re Todd)*, 34 B.R. 633 (Bankr. W.D. Ky. 1983) . . . -11-

28

1  *Rent-Rite Super Kegs West Ltd.*,  484 B.R. 799 (Bankr. D. Colo. 2012) . . . . . . . . . . . . . . . . . . . -4-

2  *Richard P. v. Vista Del Mar Child Care Service* (1980) 106 Cal.App.3d 860, 865.) . . . . . . . . -11-

3  *Sansom Comm. v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973)  . . . . . . . . . . . . . . . . . . . . . -1-

4  *Steadfast Ins. Co. v. Woodside Group, LLC (In re Woodside Group, LLC*), 2009 Bankr. LEXIS 4360
   (Bankr. C.D. Cal. Dec. 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

5
   *SunPower Corp. v. SolarCity Corp*., 2012 WL 6160472 *16 (N.D.Cal.)   . . . . -10-, -11-, -12-, -13
6
   *Swicegood*, 924 F.2d at 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-
7
   *United States v. Cooper*, 375 F.3d 1041, 1049 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . -2-
8
   *United States v. Deiter*, 890 F.3d 1203, 1214 (10th Cir. 2018) (quoting *Rosemond v. United States*,
9  572 U.S. 65 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

10

11
   **STATUTES**
12

13  11 U.S.C. § 522(q)(1)(A)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

14  11 U.S.C. § 522(q)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

15  11 U.S.C. § 523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-, -11-, -12-, -13-

16  11 U.S.C.  §523(a)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

17  11 U.S.C. § 523(d)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

18  11 U.S.C. § 524(a)(1) and (2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

19  11 U.S.C. § 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

20  11 U.S.C. § 727(a)(6)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

21  18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

22  21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

23  21 U.S.C. § 856(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

24  21 U.S.C. § 856(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

25  28 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

26  28 U.S.C. § 843(a)(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

27  F.R.B.P. 7008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

28

1

F.R.C.P 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

2

F.R.B.P. 9011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

3

F.R.C.P  9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4

F.R.C.P 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.    **MEMORANDUM OF POINTS & AUTHORITIES**

   a.    **PLAINTIFF RAISES NEW ISSUES IN THE OPPOSITION THAT WERE NOT RAISED IN THE COMPLAINT**

The complaint may not be amended by the briefs in opposition to a motion to dismiss. *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977); *Sansom Comm. v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973); *Chambliss v. Coca-Cola Bottling Corp*., 274 F. Supp. 401, 409 (E.D. Tenn. 1967), aff'd on other grounds, 414 F.2d 256 (6th Cir. 1969), cert. denied, 397 U.S. 916, 25 L. Ed. 2d 97, 90 S. Ct. 921 (1970). Similarly, consideration of a motion to dismiss is limited to the pleadings. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976); *Martin v. Morgan Drive Away, Inc*., 665 F.2d 598, 602 n.1 (5th Cir.), cert. dismissed, 458 U.S. 1122, 73 L. Ed. 2d 1394, 103 S. Ct. 5 (1982).

Here, Plaintiff's attempt to improperly plead new facts in the opposition to Complaint: (1) Defendant-Debtor's Debt to Plaintiff (Opposition, p.7); (2) Plaintiff's Initial "Purchase of Interest" (Opposition, p.7); (3) Plaintiff's Subsequent "Purchase of Interest" for Fraudulent Purpose of Purchasing Oil Processing Machine (Opposition, p.8); (4) Subsequent Events (Opposition, p. 10); (5) The Defendant-Debtor's Continued Fraudulent Statements and Transfers, Concealment, and Other Wrongs After the Commencement of the King County Superior Court Litigation (Opposition, p. 12); & (6) The WSLCB Investigation (Opposition, p. 12). Plaintiff should be precluded from ambushing and sandbagging Defendant with this new set of facts, not included in the Complaint.

   b.    **PLAINTIFF REPEATEDLY MISSTATES THE OPERATIVE STANDARDS**

The standards for general pleading have been raised pursuant to *Ashcroft v. Iqbal*, 556 U.S., 129 S. Ct. 1937 (2009) and *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As provided in a recent decision of the Central District: Twombly raised the bar for notice pleadings under Rule 8(a) such that a complaint will not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,' and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009); see *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that

1  Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the

2  complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a

3  substantial case"). *Steadfast Ins. Co. v. Woodside Group, LLC (In re Woodside Group, LLC)*, 2009

4  Bankr. LEXIS 4360 (Bankr. C.D. Cal. Dec. 30, 2009). Plaintiff's adversary complaint does not meet

5  this minimum standard.   Moreover, when considered in light of the more exacting pleading

6  requirements applicable to purported fraud claims, [see below], Plaintiffs do not even come close.

7  Plaintiffs' attempt to mischaracterize and lower the standards acting as hurdles to its claims does not

8  end at the overall applicable pleading standard. Plaintiff bends over backwards in an attempt to

9  convert vague insinuations allegations of bankruptcy fraud to actual instances of bankruptcy fraud.

10  When read carefully, clause by clause, allegation by allegation, the Complaint says nothing about

11  Defendant's actions that would rise to a 523-727 violation. Nothing. Plaintiff's opposition did not

12  even address, let alone explain, the deficiencies of its' complaint.

13          c.      **THIS COURT HAS NO JURISDICTION TO ADJUDICATE A MARIJUANA-**

14              **RELATED DEBT**

15  While the Debtor is not a marijuana-related debtor, and the referenced company complies with

16  Washington state law, the Complaint makes it clear that the debt in question, to this Plaintiff, is a

17  marijuana-related investment/debt.

18  Based on the Complaint & Opposition, the Defendant's company directly "manufactures,

19  distributes, or dispenses, or possesses with intent to manufacture, distribute, or dispense, a controlled

20  substance[.]" 21 U.S.C. § 841(a)(1).  Therefore, if the Defendant is violating § 841(a)(1), he is doing

21  so indirectly, through one or more theories of legal complicity.

22  Under federal law, aiding and abetting criminal activity is itself criminalized pursuant to 18

23  U.S.C. § 2, which provides "[w]hoever commits an offense against the United States or aids, abets,

24  counsels, commands, induces or procures its commission, is punishable as a principal." *United States*

25  *v. Cooper*, 375 F.3d 1041, 1049 (10th Cir. 2004). '[U]nder § 2, those who provide knowing aid to

26  persons committing federal crimes, with the intent to facilitate the crime, are themselves committing

27  a crime.'" *United States v. Deiter*, 890 F.3d 1203, 1214 (10th Cir. 2018) (quoting *Rosemond v.*

28

      -2-

1   *United States*, 572 U.S. 65 (2014)).

2       The question before this court would be whether the Subscription Agreement contract for the

3   marijuana-related investment/debt was enforceable notwithstanding the CSA.

4       Since 1970, the federal government has prohibited selling, growing and distributing marijuana

5   through the Controlled Substances Act, or CSA. The CSA categorizes marijuana as a Schedule I

6   controlled substance and makes a variety of activities related to marijuana illegal, including using,

7   selling and manufacturing marijuana; financing businesses that sell or manufacture marijuana; leasing

8   property to any such business; and selling related drug paraphernalia. One of the broadest prohibitions

9   under the CSA is found in what is known as "Prohibited Acts C," which makes it "unlawful for any

10  person knowingly or intentionally ... to manufacture, distribute, export, or import ... any equipment,

11  chemical, product, or material which may be used to manufacture a controlled substance or listed

12  chemical, knowing, intending, or having reasonable cause to believe, that it will be used to

13  manufacture a controlled substance." See, 28 U.S.C. § 841(a)(1), 28 U.S.C. § 843(a)(7), 21 U.S.C.

14  § 856(a)(1), 21 U.S.C. § 856(a)(2).

15      In *Arenas*, 514 B.R. 887 (Bankr. D. Colo. 2014), the U.S. Bankruptcy Court for the District

16  of Colorado dismissed a bankruptcy case in which the Chapter 7 trustee would be required to

17  administer marijuana-related assets. In Arenas, the debtors, who operated a marijuana grow facility

18  and leased commercial space to a marijuana dispensary, filed for relief under Chapter 7 of the

19  Bankruptcy Code. Upon the UST's motion to dismiss the debtors' case, the court was forced to assess

20  the Chapter 7 trustee's ability to administer the marijuana-related assets. The court ultimately

21  dismissed the case not only because of the debtors' violation of the CSA but also because

22  administering the estate's assets would require both the court and the Chapter 7 trustee to participate

23  in the debtors' ongoing federally prohibited activity. The Arenas court reasoned: [T]he Debtors'

24  chapter 7 trustee … cannot take control of the Debtors' Property without himself violating [the CSA].

25  Nor can he liquidate the inventory of marijuana plants Mr. Arenas possessed on the petition date

26  because that would involve him in the distribution of a Schedule I controlled substance in violation

27  of [the CSA]. The Court finds that administration of this case under chapter 7 is impossible without

28

1/6-11:06am

-3-

inextricably involving the Court and the Trustee in the Debtors' ongoing criminal violation of the CSA[.] For the Trustee to take possession and control of the Debtors' Property and marijuana inventory would directly involve him in the commission of federal crimes. To allow the Debtors to remain in a chapter 7 bankruptcy case under circumstances where their Trustee is unable to administer valuable assets for the benefit of creditors would allow them to receive discharges without turning over their non-exempt assets to the Trustee. That would give the Debtors all of the benefits of a chapter 7 bankruptcy discharge while allowing them to avoid the attendant burdens. The impossibility of lawfully administering the Debtors' bankruptcy estate under chapter 7 constitutes cause for dismissal of the Debtors' case under 11 U.S.C. § 707(a).[3]. On appeal, the Bankruptcy Appellate Panel for the Tenth Circuit affirmed the bankruptcy court, opining "that while the debtors have not engaged in intrinsically evil conduct, the debtors cannot obtain bankruptcy relief because their marijuana business activities are federal crimes."

In *Rent-Rite Super Kegs West Ltd.*, 484 B.R. 799 (Bankr. D. Colo. 2012), the U.S. Bankruptcy Court for the District of Colorado considered a motion to dismiss a Chapter 11 case in which the debtor derived 25% of its revenue from leasing warehouse space to marijuana businesses. Citing the CSA, the court concluded the debtor was in continuing violation of federal law during its bankruptcy case, explaining: [E]ven if the Debtor is never charged or prosecuted under the CSA, it is conducting operations in the normal course of its business that violate federal criminal law. Unless and until Congress changes that law, the Debtor's operations constitute a continuing criminal violation of the CSA and a federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime.

In *Northbay Wellness Group v. Beyries (In re Beyries)*, No. 10-1181, 2011 WL 5975445 (Bankr. N.D. Cal. Nov. 29, 2011), plaintiff sold medical marijuana. Debtor was their attorney. Plaintiff sought a nondischargeability judgment based on the attorney's knowing misrepresentations concerning plaintiff's sales tax obligations. While the court held the debt met the elements of 11 U.S.C. § 523(a)(4), the court ruled it could not enter a judgment for plaintiff because they engaged in unlawful activity. Even though the activity was legal under state law, in a federal court the parties

-4-

were "conspiring to sell contraband." The court found the plaintiff in pari delicto and dismissed the adversary.

Defendant posits, that this Court's adjudication of this marijuana-related investment/debt, would require the court to participate in the Debtors' ongoing federally prohibited activity, which would be impossible without inextricably involving the Court in the Debtors' ongoing marijuana-related investment, and would reward this bankruptcy creditor from receiving funds from the Defendant derived from CSA violations. This Bankruptcy Court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a nondischargeagbility finding regarding a marijuana-related investment/debt, which constitutes a continuing federal crime. This Court cannot enter a judgment for Plaintiff because Plaintiff engaged in the unlawful activity derived from CSA violations. Any judgment to this Plaintiff could be subject to forfeiture and are therefore illusory. Again, while the individual Debtor is not a marijuana-related debtor, and the referenced company complies with Washington state law, this Complaint makes it clear that the debt in question is a marijuana-related investment/debt.

     d.     **PLAINTIFF'S 1st CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C. §727(a)(2) AND IS PROPERLY DISMISSED**

Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a disposition of property by or at the sufferance of the debtor by transfer, removal, destruction, mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property. Both elements must take place within 1-year of the Petition Date of 6-26-2019 (the one-year pre-filing period); acts and intentions occurring before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997). This section is construed liberally in favor of the debtor and strictly against those objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent. *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

Pursuant to the Complaint's 1st Cause of Action for Nondischargeability of Debt Pursuant to

11 U.S.C § 727(a)(2), Plaintiff alleges: that on 6-26-2019, Defendant filed for Chapter 7 bankruptcy (Complaint ¶ 7), and that within one year before the (6-26-2019) petition date, Defendant transferred, removed, destroyed, mutilated, or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed, the Defendant-Debtor's property and funds. (Complaint ¶ 51). However, the Complaint fails to identify the Defendant's assets in question that were allegedly transferred, removed, destroyed, mutilated, or concealed, and whether they were transferred, removed, destroyed, mutilated, or concealed within the one-year pre-filing period (6-26-2018 through 6-26-2019).

The Plaintiff's 11 U.S.C. § 727(a)(2) claim states that it is based on the WSLCB Narrative / Evidence Report (the "WSLCB Report") that is attached as an exhibit to the Complaint. (Complaint ¶¶ 46, 47, 48, 49) claiming that the WSLCB Report that concluded that Defendant: (a) transferred, removed, or destroyed his property and funds within one year before the date of the filing of the instant bankruptcy petition; & (b) concealed or mutilated his property and funds within one year before the date of the filing of the instant bankruptcy petition. (Complaint ¶¶48(a), 48(b). However, the WSLCB Report makes no such finding.

Plaintiff improperly plead new facts in the opposition to Complaint, including Exhibits 2-3 to the Opposition. Assets not accounted for, is not tantamount to a transfer.

There is still no factual allegation in the Complaint of any subjective intent on the Defendants' part to hinder, delay or defraud a creditor, or any creditor, from 6-26-2018 through 6-26-2019. Accordingly, Plaintiff's 1st Cause of Action under 11 U.S.C. § 727(a)(2)(A) is properly dismissed without leave to amend.

e.    **PLAINTIFF'S 2nd CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(3) AND IS PROPERLY DISMISSED**

In order to state a prima facie case under section 727(a)(3), a creditor objecting to discharge must show (1) that the debtor failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records.

1    *Lansdowne v. Cox (In re Cox*), 41 F.3d 1294, 1296 (9 Cir. 1994).

2        The Plaintiff's 11 U.S.C. § 727(a)(3) claim states that it is based on the WSLCB Report that

3    is attached as an exhibit to the Complaint. (Complaint ¶¶ 46, 47, 48, 49) claiming that the WSLCB

4    Report concluded that Defendant: (c) concealed, destroyed, mutilated, falsified, or failed to keep or

5    preserve any recorded information, including books, documents, records, and papers, from which the

6    debtor's financial condition or business transactions might be ascertained.  However, the WSLCB

7    Report makes no such finding.

8        While Plaintiff claims that the Defendant failed to provide an accounting required by the

9    parties' Letter of Understanding or second Subscription Agreement (Complaint ¶¶ 22, 30, 36) that was

10   not regarding the *Defendant's personal financial condition* as required by 11 U.S.C. §727(a)(3).

11       Further, Plaintiff's Opposition (p. 19, lines 8-9) concludes (with no factual support): "There

12   are no records accounting for the initial $450,000.00 Mr. Bagot provided to Defendant-Debtor." No

13   facts were presented to support this baseless conclusion. This allegation, falls short from the criteria

14   that Defendant failed to maintain records.

15       Further, the Complaint does not specify whether such act or failure to act was justified under

16   all of the circumstances of the case. If anything, the Complaint references that Plaintiff served

17   Defendants with written discovery in the King County Superior Court Case No. 19-2-00772-9 SEA,

18   but does not specify whether the sought after information was regarding the Defendant's personal

19   financial condition or regarding the parties' Letter of Understanding or second Subscription

20   Agreement, and admits that Defendant objected to Plaintiff's written discovery invoking his privilege

21   against self-incrimination (Complaint ¶¶ 38-39) (a justified objection). Said discovery was not a

22   judgment debtor's examination of the Defendant's personal assets.

23       Plaintiff improperly plead new facts in the opposition to Complaint, including Interrogatory

24   requests 6, 7, 17, Document Demands 2, (Opposition, p. 19, lines 18-21) and footnote 6.

25       Accordingly, Plaintiff's 2nd Cause of Action under 11 U.S.C. §727(a)(3) is properly dismissed

26   without leave to amend.

27       f.    **PLAINTIFF'S 3rd CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF**

28

**ACTION UNDER 11 U.S.C. § 727(a)(4) AND IS PROPERLY DISMISSED**

A plaintiff seeking denial of a debtor's discharge under § 727(a)(4)(A) must prove that: (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir 1992), cited in *In re Spitko*, 357 B.R. at 312. *Accord Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 163 (Bankr. D. Del. 2006). See also *In re Zimmerman*, 320 B.R. at 806. A party objecting to discharge under § 727(a)(4)(A) must prove by a preponderance of the evidence that "the false oath [was] fraudulent and material." *Swicegood*, 924 F.2d at 232

The Plaintiff's 11 U.S.C. § 727(a)(4) claim states that it is based on the WSLCB Report that is attached as an exhibit to the Complaint. (Complaint ¶¶ 46, 47, 48, 49) claiming that the WSLCB Report concluded that Defendant: (d) fraudulently made false accounts, presented or used false claims. (Complaint ¶ 48 (d) However, the WSLCB Report makes no such finding. Accordingly, Plaintiff's 3rd Cause of Action under 11 U.S.C. §727(a)(4) is properly dismissed without leave to amend.

g.    **PLAINTIFF'S 4TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(5) AND IS PROPERLY DISMISSED**

The elements that comprise an objection to discharge under 11 U.S.C. § 727(a)(5): the debtor failed to explain satisfactorily, **before determination of denial of discharge** under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. § 727(a)(5) does not explicitly require a creditor to call upon a debtor to explain a loss of assets prior to filing an adversary proceeding. A denial of discharge under § 727(a)(5) requires only that the debtor fail to explain a loss of assets "before determination of denial of discharge under this paragraph." To require a creditor to seek an explanation from the debtor prior to filing an adversary hearing would add an additional and redundant layer of inquiry to § 727(a)(5).

The Plaintiff's 11 U.S.C. § 727(a)(5) claim states that it is based on the WSLCB Report that is attached as an exhibit to the Complaint. (Complaint ¶¶ 46, 47, 48, 49) claiming that the WSLCB

1    Report concluded that Defendant: (g) failed to explain any loss of assets or deficiency of assets to

2    meet his liabilities (Complaint ¶¶48(g). However, the WSLCB Report makes no such finding.

3    Accordingly, Plaintiff's 4th Cause of Action under 11 U.S.C. §727(a)(5) is properly dismissed without

4    leave to amend.

5    ///

6           h.    **PLAINTIFF'S 5TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF**

7                 **ACTION UNDER 11 U.S.C. § 727(a)(6) AND IS PROPERLY DISMISSED**

8          Pursuant to the Complaint's 5th Cause of Action for Nondischargeability of Debt Pursuant to

9    11 U.S.C. § 727(a)(6), Plaintiff alleges: that prior to and following Judge McHale's entry of the Order

10   Granting Plaintiff's Motion to Compel Information and Documents from Defendant, that Defendant

11   refused to respond to a material question propounded by Plaintiff in the non-bankruptcy litigation on

12   a ground other than the properly invoked privilege against self-incrimination. (Complaint ¶ 66).

13         Plaintiff's claim that following Judge McHale's entry of the Order Granting Plaintiff's Motion

14   to Compel Information and Documents from Defendant, Defendant refused to provide to Plaintiff (or

15   his attorney) the documents required by the Court's order (Complaint ¶ 67), is spurious. Plaintiff does

16   not contest, and concedes that the state court's order to compel was issued on 6-14-2019 (Complaint

17   ¶ 41), and the Defendant filed bankruptcy 12 days later on 6-26-2019, and no facts were cited other

18   than the filing of the bankruptcy to support Plaintiff's allegation that Defendant "refused" to comply

19   with the Court's order. The stay of bankruptcy stayed that 6-14-2019 order.

20         Further, 11 U.S.C. § 727(a)(6)(A) provides that the court shall grant the debtor a discharge,

21   unless (6) the debtor has refused, in the case - (A)to obey any lawful order of the court, other than an

22   order to respond to a material question or to testify. Here, the Complaint admits that the motion to

23   compel was to respond to a material question or to testify, which takes itself out of 11 U.S.C. §

24   727(a)(6) liability. Accordingly, Plaintiff's 5th Cause of Action under 11 U.S.C. § 727(a)(6) is properly

25   dismissed without leave to amend.

26          i.    **PLAINTIFF'S 6TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF**

27                **ACTION UNDER 11 U.S.C. § 727(a)(7) AND IS PROPERLY DISMISSED**

28

The Complaint's 1st cause of action (Complaint ¶ 51) fails to identify the Defendant's assets in question that were allegedly transferred, removed, destroyed, mutilated, or concealed, and whether they were  transferred, removed, destroyed, mutilated, or concealed within  the one-year pre-filing period (6-26-2018 through 6-26-2019) pursuant to 11 U.S.C. § 727(a)(2).

Further, the Complaint's 2nd cause of action (Complaint ¶ 57) fails to identify what information from which Defendant's financial condition or business transactions might be ascertained was concealed, destroyed, mutilated, falsified, or failed to keep or preserve information  within  the one-year pre-filing period (6-26-2018 through 6-26-2019) pursuant to 11 U.S.C. § 727(a)(3).

In fact, the entirety of Plaintiff's allegations constituting this cause of action are the incorporation of, or the pleading of conclusions based on, the preceding six causes of action, which Defendant has demonstrated herein are without factual support and are improperly pled. Accordingly, Plaintiff's 6th Cause of Action under 11 U.S.C. § 727(a)(7) is properly dismissed without leave to amend.

**j.     PLAINTIFF'S 7TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C. § 727(a)(12) AND IS PROPERLY DISMISSED**

The Complaint cites no pending proceeding in which the debtor may be found guilty of a felony of the kind described in 11 U.S.C. § 522(q)(1)(A) or liable for a debt of the kind described in 11 U.S.C. § 522(q)(1)(B), is not entitled to a discharge of his debts. The WSLCB Report does not even mention the words "felony" or "penal" in it. At best, ¶ 11 of the WSLCB Report  merely stated that Plaintiff and other investors *are considering* legal actions rather civil or criminal, meaning that no such criminal proceeding is currently pending. Accordingly, Plaintiff's 7th Cause of Action under 11 U.S.C.  §727(a)(12) is properly dismissed without leave to amend.

**k.     PLAINTIFF'S 8th CAUSE OF ACTION  STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C.  § 523(a)(2)(A) AND IS PROPERLY DISMISSED**

Nothing in the Plaintiffs' complaint would satisfy F.R.C.P. 8 and F.R.B.P. 7008, let alone F.R.C.P. 9(b), as to whether a claim has been alleged under 11 U.S.C. § 523(a)(2)(A) for fraud, false pretenses or misrepresentation.

Plaintiff's claim that Defendant's undefined representations were false was without providing factual allegations to establish this to be the case. Rather, this is a conclusory statement by Plaintiff, just as the one which follows on its heels - that the "misrepresentations" were made with the intent do induce Plaintiffs' reliance thereon.

The failure to perform a mere promise is not sufficient to make a debt nondischargeable, even if there is no excuse for the subsequent breach. A debtor's statement of future intention is not necessarily a misrepresentation if intervening events cause the debtor's future actions to deviate from previously expressed intentions. *Matter of Scarlata*, 979 F.2d 1521 (7th Cir. 1992); see also *In re Spar*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994); *Peoples Security Finance Co. v. Todd (In re Todd)*, 34 B.R. 633 (Bankr. W.D. Ky. 1983).) To be actionable, a misrepresentation must ordinarily be as to ***past or existing material facts***. "[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 678, pp. 779-780; *Richard P. v. Vista Del Mar Child Care Service* (1980) 106 Cal.App.3d 860, 865.)

The debtor's subsequent insolvency or inability to pay does not by itself provide a sufficient basis for inferring the debtor's intent. *Chase Manhattan Bank v. Carpenter (In re Carpenter)*, 53 B.R. 724 (N.D. Ga. 1985); *Montgomery Ward and Co., Inc. v. Blackburn (In re Blackburn)*, 68 B.R. 870 (Bankr. N.D. Ind. 1987).)

While Plaintiff argues a material misrepresentation, there is none cited in the Complaint nor in the Report. On this point alone, Plaintiff's cause of action for fraud fails. Assuming, *arguendo*, that the undefined material misrepresentation which Plaintiff argues, that is, that Defendant promised to pay back the investment when he somehow knew that he would not, is buried somewhere in the statement of facts, it simply does not qualify as actionable. First, such a representation concerns a future event, and therefore does not satisfy the element of a material misrepresentation of a preexisting fact. Second, the facts negate any such finding. The Debtor made subsequent payments to Plaintiff of $10,000.00 defeating, disproving and negating any possible intent to defraud. If indeed, Defendant intended to defraud and not pay Plaintiff, why did he pay the $10,000.00? Third, a promise to pay

which is not kept, at best, is a breach of contract, not fraud.

The Plaintiff's 11 U.S.C. § 523(a)(2) claim states that it is based on the WSLCB Report that is attached as an exhibit to the Complaint. (Complaint ¶¶ 46, 47, 48, 49) claiming that the WSLCB Report concluded that Defendant (f) obtained money, property, or services by false pretenses, false representations, or actual fraud (Complaint ¶ 48(f), however, the WSLCB Report makes no such finding.

Even where the debtor's misrepresentations are clearly pled under 11 U.S.C. § 523(a)(2)(A), the creditor must plead facts which permits the Court to find reasonable reliance on the debtor's misrepresentations. The standard for justifiable reliance is subjective as to each creditor and the existence of reliance as required by the statute is determined by the trier of the facts. However, Complaint presented by Plaintiff, the Complaint is devoid of any facts regarding reliance on the Defendant's alleged. fraudulent misrepresentation.

As to Plaintiff's alleged misrepresentations to Plaintiff (not pled), just the opposite is the case here. Defendant never spoke with Plaintiff nor made any of the arrangements or negotiations regarding the investment.

As to Plaintiff's reasonable reliance (not pled), just the opposite is the case here. Plaintiff's alleged reliance is not plausible (hence, not reasonable), as Plaintiff is an established investor have made several investments into real estate dealing and others alike conducted due diligence for 4-6 months before coming into the participation of the investment. Plaintiff's claim is further not plausible (hence, not reasonable) as Defendant was asked to sign the LOU which was so Plaintiff could defraud his IRA of knowing what he was investing in (ie., cannabis).

Further, Plaintiff's Complaint admits that his civil suit in Skagit County, Washington State 18-2-00544-29 was dismissed due to a confidential settlement that was fully executed and satisfied in full. (Complaint ¶¶ 9-10). That matter being settled, cannot be the basis of this lawsuit. Accordingly, the complaint's 8th cause of action under 11 U.S.C. § 523(a)(2)(A) is properly dismissed without leave to amend.

l.    **PLAINTIFF'S 9TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF**

**ACTION UNDER 11 U.S.C. § 523(A)(4) FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY AND IS PROPERLY DISMISSED**

11 U.S.C. § 523(a)(4) provides an exception to discharge "for fraud or defalcation ***while acting*** in a fiduciary capacity... ." (Emphasis added.)

Plaintiff fails to contest and concedes that no fiduciary exists here, and appears to have abandoned that criteria.

To the extent that Plaintiff is seeking nondischargeability pursuant to 11 U.S.C. § 523(a)(4) based on embezzlement, there are no allegation in the Complaint that the Defendant was in rightful possession of Plaintiff's funds (purportedly held in trust for Plaintiff), that the Defendant converted said funds with intent to defraud Plaintiff and other creditors, and used them for other purposes. Consequently, the Complaint does not state a plausible embezzlement claim. Based on the foregoing, the Complaint does not state a plausible claim for relief based on embezzlement.

Based on the foregoing, the Complaint does not state a plausible claim for relief based on fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Accordingly, the complaint's 9th cause of action under 11 U.S.C. § 523(a)(4) is properly dismissed without leave to amend.

m.    **PLAINTIFF'S 10TH CAUSE OF ACTION STILL FAILS TO CITE A CAUSE OF ACTION UNDER 11 U.S.C. § 523(A)(6) FOR WILFUL & MALICIOUS INJURY AND IS PROPERLY DISMISSED**

11 U.S.C. § 523(a)(6) excepts from discharge any debt incurred by "willful and malicious injury," and provides in pertinent part: "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt ... (6) for willful **and** malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (emphasis added). In order for a debt to be held nondischargeable under § 523(a)(6), Plaintiff must prove that injury resulted from an act that was **both** willful and malicious.

Plaintiff's 10th cause of action simply fails to state any factual allegation to support the

1   contention that Defendant's actions were willful and malicious. Willfulness and malice are each

2   extreme behavior one apart from the other, and the fact that the section requires both to be present

3   clearly dictates that only the most egregious conduct will warrant nondischargeability: Plaintiff makes

4   no allegation stronger than a contractual promise that went unfulfilled, which does not even approach

5   the standard for the sanction sought. Accordingly, the complaint's 10th cause of action under 11 U.S.C.

6   § 523(a)(6) is properly dismissed without leave to amend.

7              n.    **PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND**

8              As readily observed by Plaintiff's cause of action for fraud, as well as all remaining causes of

9   action, Plaintiff attempts to convince the Court, and obtain its concurrence, that this dischargeable

10  debt is in fact not so. However, Plaintiff fails miserably, as it cannot plead facts which convincingly

11  meet the elements of the cause of action. Defendant further submits that given the facts, as Plaintiff

12  admits them, the Complaint cannot be amended to create the necessary allegations to proceed further.

13             Generally, granting a motion to dismiss shall be with but with leave to amend. *SunPower*

14  *Corp. v. SolarCity Corp.*, 2012 WL 6160472 *16 (N.D.Cal.) (citation omitted) ("When dismissing

15  a complaint for failure to state a claim, 'a district court should grant leave to amend

16  even if no request to amend the pleading was made, unless it determines that the pleading could not

17  possibly be cured by the allegation of other facts.'").  Here, the Court must find that there are no facts

18  that could cure the deficiencies set forth above. Therefore, the Motion should be granted without leave

19  to amend.

20             o.    **CONCLUSION**

21             Here, Plaintiff has still not demonstrated, nor can he state a viable and plausible claim under

22  any cause of action in his Complaint.

23             For the above reasons, Defendant prays that this Court dismiss Plaintiff's Complaint with

24  prejudice, that Plaintiff not be granted leave to amend, that Plaintiff take nothing by his Complaint,

25  and that Defendant's alleged debt to Plaintiff be discharged.

26             Further, Defendant prays that this Court issue a finding of fact that the claims brought by

27  Plaintiff are dischargeable, and that pursuant to 11 U.S.C. § 524(a)(1) and (2), this discharge should

28

also serve to void any future judgment to determine the personal liability of Defendant and operate

as a permanent injunction against any actions whether commenced pre-petition or post-petition.

Further, Defendant prays that this Court award Defendant's costs and reasonable attorney's

fees in an amount which will be ascertained, pursuant to 11 U.S.C. § 523(d), F.R.C.P. 11 and F.R.B.P.

9011.

Accordingly, Defendant respectfully requests that the Court enter an order granting the *Motion*

in its entirety, and providing for such other and further relief as this Court deems just.


DATED:        January 6, 2020           LAW OFFICE OF BARUCH C. COHEN
                                        A Professional Law Corporation

                                        By ____/S/ Baruch C. Cohen_____
                                        Baruch C. Cohen, Esq.
                                        *Attorney For Defendant Guy Griffithe*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT OF NONDISCHARGEABILITY AND EXCEPTION FROM DISCHARGE OF DEBTS (1) 11 U.S.C. § 523(a)(2)(A); (2) 11 U.S.C. § 523(a)(2)(B); (3) 11 U.S.C. § 523(a)(4); (4) 11 U.S.C. § 523(a)(6); (5) 11 U.S.C. § 727(a)(2); (6) 11 U.S.C. § 727(a)(3); (7) 11 U.S.C. § 727(a)(4); (8) 11 U.S.C. § 727(a)(5); (9) 11 U.S.C. § 727(a)(6); (10) 11 U.S.C. § 727(a)(7); & (11) 11 U.S.C. § 727(a)(12)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/6/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)          msilva@tomcaseylaw.com, thc@trustesolutions.net
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 1/6/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Heidi Urness, Heidi Urness Law PLLC, 725 E Denny, Seattle, WA 98122

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/6/2020,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/6/2020 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**