Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
   A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
(323) 937-4501       Fax (888) 316-6107
e-mail: baruchcohen@baruchcohenesq.com

*Attorney For Defendant Guy Griffithe*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>GUY GRIFFITHE,<br><br>Debtor<br>――――――――――――<br>STEVEN BAGOT,<br><br>Plaintiff<br><br>vs.<br><br>GUY GRIFFITHE<br><br>Defendant | Case No. 8:19-bk-12480-TA<br><br>Adv. 8:19-ap-01201-TA<br><br>Before the Honorable Theodor Albert<br><br>Chapter 7<br><br>**DEFENDANT'S OBJECTIONS & EVIDENTIARY OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: 1-16-2020<br>Time: 10:00 AM<br>Place: 411 West Fourth Street, Santa Ana, CA<br>Courtroom 5B |

      Defendant *Guy Griffithe* ("Defendant") hereby objects and opposes Plaintiff Steven Bagot ("Plaintiff")'s *Request for Judicial Notice in Support of Opposition to Defendant's Motion to Dismiss* to the following documents:

1.    Exhibit 1: Plaintiff's Complaint filed in the Washington State Litigation

2.    Exhibit 2: "Distribution" check issued to Plaintiff by Defendant-Debtor (but from a separate entity: Green Acres Pharms LLC) for Plaintiff's purported investment in SMRB, LLC.

1/6-11:19am

1

3.     Exhibit 3: The Response to Request for Admissions from SMRB, LLC (d.b.a. Green Acres Pharms).

4.     Exhibit 4: Text message conversation containing Defendant-Debtor's fraudulent statements designed to convince Mr. Bagot to give him an additional $200,000.00.

5.     Exhibit 6: "Rescission and Repurchase Offer" to Plaintiff Mr. Bagot for $715,000.00.

6.     Exhibit 7: The (first) Order in the Washington State Litigation dated June 12 Compelling Defendant's Responses to the first set of discovery requests.

7.     Exhibit 9: The Declaration of Defendant-Debtor Guy Griffithe, filed in Opposition to a Motion for Summary Judgment in the Washington State Litigation.

8.     Exhibit 10: Demand Letter re: Record Inspection Pursuant to RCW 25.15.136.

9.     Exhibit 11: The Orders for Sanctions in the Washington State Litigation against Renewable Technologies Solutions, Inc., and Green Acres Pharms, LLC including for responses to the discovery requests, money sanctions, and default.

---

1. **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED BECAUSE IT DOES NOT CONTAIN ADEQUATE FACTS FOR THIS COURT TO TAKE JUDICIAL NOTICE**

Plaintiff cites to Federal Rule of Evidence ("FRE") 201 as his basis for opposing the Motion. Plaintiff, however, fails to meet the basic threshold requirements under FRE 201 because the "facts" he advocates for are not the kinds of facts that may be judicially noticed.

Federal Rule of Evidence 201 provides that a court may take judicial notice of "an adjudicative fact" that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See FRE 201(a), (b).

2. **THE INFORMATION SOUGHT TO BE JUDICIALLY NOTICED IN THE OPPOSITION ARE NOT "FACTS"—THEY ARE ALLEGATIONS MADE IN AN ENTIRELY UNRELATED LAWSUIT**

The information the Plaintiff seek to admit are merely allegations—not facts. Throughout the Opposition, the Plaintiff cites to certain allegations made against Defendant in the Washington Superior Court case and in the Washington State Liquor and Cannabis Board (the "Unrelated Lawsuits"). Further, the Opposition masquerades allegations made in the Unrelated Lawsuits against the Defendant as facts subject to judicial notice. Federal Rule of Evidence 201 does not allow a party to bolster allegations into facts.

3. **EVEN IF THE INFORMATION IN THE OPPOSITION WERE FACTS—WHICH THEY ARE NOT—THEY STILL DO NOT MEET THE REQUIREMENT OF BEING "ADJUDICATE FACTS" THAT ARE "NOT SUBJECT TO REASONABLE DISPUTE"**

Even though a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings, a court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts 'not subject to reasonable dispute' within the meaning of Rule 201 and (2) 'were it permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.

Plaintiff's request for judicial notice are not "facts" that qualify for judicial notice under the clear language of FRE 201. On this basis alone, the Request should be denied.

4. **EVIDENTIARY OBJECTIONS**

The following references in these objections are intended to incorporate the Federal Rules of Evidence respectively indicated below. The Federal Rules of Evidence are applicable herein by virtue of F.R.Bankr.P. 9017.

| | Objection | Evidence Rule |
|---|---|---|
| a. | Irrelevant/Conclusory Statement | 402/403[1] |
| b. | Hearsay | 802 |

---

[1] *Hollander v. American Cynamid Company*, 172 F.2d 192, 198 (2nd Cir. 1999) ("a court may strike portions of an affidavit that . . . make generalized conclusory statements.")

| | | | |
|---|---|---|---|
| | c. | Double hearsay | 802, 805 |
| | d. | Assumes facts not in evidence | 104(b) |
| | e. | Lack of foundation | 602, 901[2] |
| | f. | Argument disguised as testimony | 402, 602[3] |
| | g. | Expert opinion (offered without foundation of expertise) | 702 |
| | h. | Best Evidence Rule/Misstates contents of document/Document speaks for itself (proof of content of a writing) | 1002, 1003, 1004 |
| | i. | Sham declaration | 402 |

| Exhibit 1: Plaintiff's Complaint filed in the Washington State Litigation | Objections |
|---|---|
| | Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |

---

[2] Documents in support of or in opposition to summary judgment must be properly authenticated. _In re Citric Acid_ litigation, 191 F.3d 1090, 1101 (9th Cir. 1999) ("to be considered documents must be authenticated by and attached to an affidavit . . . and the affiant must be a person through whom the exhibits could be admitted into evidence." [Citation omitted].)

[3] _Gill v. Tishman Construction (In re Santa Monica Beach Hotel)_, 209 B.R. 722, 727 (B.A.P. 9th Cir. 1997), citing, _Haymaker v. Greentree Consumer Discount Co._, 166 B.R. 601, 607 (Bankr. W.D. Pa. 1994) ("indignant statements by . . . counsel . . . are not admissible evidence . . ."). _See also_ Russell, _Bankruptcy Evidence Manual_, §101.1(6) (1998 Ed.) (counsel's arguments are not evidence).

| | | |
|---|---|---|
| 1 | Exhibit 2: "Distribution" check issued to Plaintiff by Defendant-Debtor (but from a separate entity: Green Acres Pharms LLC) for Plaintiff's purported investment in SMRB, LLC | Objections<br><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |
| 2 | Exhibit 3: The Response to Request for Admissions from SMRB, LLC (d.b.a. Green Acres Pharms). | Objections<br><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |
| 3 | Exhibit 4: Text message conversation containing Defendant-Debtor's fraudulent statements designed to convince Mr. Bagot to give him an additional $200,000.00. | Objections<br><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |

| | |
|---|---|
| Exhibit 6: "Rescission and Repurchase Offer" to Plaintiff Mr. Bagot for $715,000.00. | <u>Objections</u><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |
| Exhibit 7: The (first) Order in the Washington State Litigation dated June 12 Compelling Defendant's Responses to the first set of discovery requests | <u>Objections</u><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |
| Exhibit 9: The Declaration of Defendant-Debtor Guy Griffithe, filed in Opposition to a Motion for Summary Judgment in the Washington State Litigation | <u>Objections</u><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |

| | |
|---|---|
| Exhibit 10: Demand Letter re: Record Inspection Pursuant to RCW 25.15.136. | <u>Objections</u><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |
| Exhibit 11: The Orders for Sanctions in the Washington State Litigation against Renewable Technologies Solutions, Inc., and Green Acres Pharms, LLC including for responses to the discovery requests, money sanctions, and default | <u>Objections</u><br>Lacks Foundation. Lacks Authentication. Lacks Personal Knowledge. Hearsay. Plaintiff has failed to produce, as a condition precedent to admissibility, evidence sufficient to support a fining that the document in question is what its proponent claims. Fed.R.Evid. Rule 90l(a). |

WHEREFORE, Defendant respectfully requests that the Court deny the Plaintiff's Request for Judicial Notice be denied.

DATED:    January 6, 2020

LAW OFFICE OF BARUCH C. COHEN
A Professional Law Corporation

By ____/S/ Baruch C. Cohen_____
Baruch C. Cohen, Esq.
*Attorney For Defendant Guy Griffithe*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **Defendant's Objections & Evidentiary Objections To Plaintiff's Request For Judicial Notice In Support Of Opposition To Defendant's Motion To Dismiss** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/6/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Thomas H Casey (TR)          msilva@tomcaseylaw.com, thc@trustesolutions.net
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 1/6/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Heidi Urness, Heidi Urness Law PLLC, 725 E Denny, Seattle, WA 98122

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/6/2020,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/6/2020 | Baruch C. Cohen, Esq. | */s/ Baruch C. Cohen* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**